IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAKEETA DRAPER, | |
| Plaintiff, | 8:19CV203 |
| vs. | |
| ROUND HILL PACIFIC MANAGEMENT LLC, Private Limited Liability Company; EMILY HELLBUSH, Office Manager; CHARLES KARL, CPM; THE CITY OF OMAHA POLICE DEPARTMENT, DORNAN, TORIA, HOWARD, BREITKREUTZ & CONWAY, PC LLO LAW FIRM, DOUGLAS COUNTY COURT, Government Agency; DOUGLAS COUNTY SHERIFFS OFFICE, Government Agency; and DOUGLAS COUNTY CONSTABLES OFFICE, Government Agency; | **MEMORANDUM AND ORDER** |
| Defendants. | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff—a self-described "aboriginal Moorish American National," a citizen of the Moorish National Republic Federal Government, Northwest Africa," and "a participant in the Moorish Divine and National Movement of the World-the North

Gate"—seeks damages in the form of gold, silver, or Federal Reserve notes due to injuries suffered from an allegedly unlawful eviction. Plaintiff claims that despite giving notice to her rental agent (Defendant Round Hill Pacific Management, LLC) that she was entitled to ignore its repeated requests for rent payments due to her "Moorish American National Status," Defendant Round Hill "impose[d] an illegal eviction that came without prior written notice followed by (Omaha Police Officers) escort off the premises and denied the opportunity to retrieve any personal items." (Filing 1 at CM/ECF pp. 1-9.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived her of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's allegations that she was wrongfully evicted from her rental property for failure to pay rent because she was entitled to live rent-free as a "Moorish American" fails to establish that this court has jurisdiction over her claim. Therefore, Plaintiff's Complaint must be dismissed without prejudice for lack of subject-matter jurisdiction without leave to amend because amendment of her Complaint would be

futile. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile); Fed. R. Civ. P. 12(h)(3).

IT IS ORDERED:

1.     This case is dismissed without prejudice for lack of subject-matter jurisdiction;

2.     Judgment shall be entered by separate document.

Dated this 6th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge